```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ESE A. O'DIAH,                                              :
                                                            :
                              Plaintiff,                    :
                                                            :           19-CV-7586 (VSB)
              - against -                                   :
                                                            :              ORDER
                                                            :
TBTA-TRIBOROUG BRIDGE AND                                   :
TUNNEL AUTHORITY,                                           :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2020

VERNON S. BRODERICK, United States District Judge:

Before my is Defendant TBTA-Triborough Bridge and Tunnel Authority's ("TBTA") motion to dismiss pro se Plaintiff Ese A. O'Diah's ("O'Diah" or "Plaintiff") Amended Complaint. (Doc. 20.) Because I require supplemental information and possible supplemental briefing to properly assess my jurisdiction over Plaintiff's claims, TBTA's motion to dismiss is held in abeyance until resolution of certain jurisdictional issues.

I.   **Procedural History**

Plaintiff filed the Complaint in this action on August 13, 2019, (Doc. 2), with leave to proceed in forma pauperis, (Docs. 1, 3). On November 11, 2019, TBTA filed a motion to dismiss for lack of jurisdiction, (Docs. 10, 11), which I dismissed as moot after Plaintiff filed an Amended Complaint ("Am. Compl.") on December 6, 2019, (Docs. 16, 17). On January 10, 2020, TBTA filed a motion to dismiss the Amended Complaint, supported by a memorandum of law and the Declaration of Anne Marie Bressler. (Docs. 20–22.) On February 10, 2020, Plaintiff filed a memorandum of law in opposition to the motion to dismiss. (Doc. 31.) Briefing

on this motion was complete when TBTA filed its reply memorandum of law on February 25, 2020.  (Doc. 34.)

## II.     Discussion

"Determining the existence of subject matter jurisdiction is a threshold inquiry[,] and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 561 U.S. 247 (2010); *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) (describing subject matter jurisdiction as the "threshold question" (internal quotation marks omitted)).  While a district court resolving a motion to dismiss under Rule 12(b)(1) "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction," "where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (alteration, internal quotation marks, and citation omitted).

Plaintiff states in his Amended Complaint that on September 13, 2018, Plaintiff appeared in court to dispute the toll violation fees TBTA seeks to collect.  (Am. Compl. ¶ 46.)  This statement raises various questions regarding the application of certain prudential abstention doctrines in this case.  Under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), "a federal court may abstain from exercising jurisdiction when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources."  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012) (internal quotation marks omitted).  Pursuant

to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts generally "abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

Accordingly, the parties are directed to provide the court with the following information:

1. What was the nature of the court proceeding that Plaintiff describes in paragraph 46 of the Amended Complaint? In what jurisdiction was the proceeding brought, by whom, and what claims were alleged?

2. Is the proceeding ongoing or has it terminated? If the proceeding is ongoing, what claims remain to be decided? If the proceeding has terminated, how was the case terminated and in whose favor?

3. Please provide copies of any pleadings or filings from the proceeding.

### III. Conclusion

For the foregoing reasons, TBTA's motion to dismiss, (Doc. 20), is held in abeyance until resolution of the jurisdictional issue. The Clerk is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated: September 30, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge